**UNITED STATES of America, Appellee,**

v.

**Alvin JACKSON, Defendant, Appellant.**

**No. 04–1506.**

United States Court of Appeals, First Circuit.

Heard Jan. 6, 2005.

Decided June 2, 2005.

Holly T. Smith, for appellant.

Margaret D. McGaughey, Appellate Chief, with whom Paula D. Silsby, United States Attorney, was on brief, for appellee.

Before LYNCH, Circuit Judge, CAMPBELL, Senior Circuit Judge, and HOWARD, Circuit Judge.

CAMPBELL, Senior Circuit Judge.

The defendant appeals from his sentence, arguing, *inter alia,* that the sentencing court erroneously relied on police reports in determining whether he pled guilty to a prior "crime of violence" qualifying for sentencing enhancement under the career offender guideline, U.S.S.G. § 4B1.1. This appeal was briefed and argued shortly before the Supreme Court handed down its decision in *Shepard v. United States,* —— U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), holding that a sentencing court may not look to police reports for this purpose.[1] Recognizing

---

1. In *Shepard,* the Supreme Court considered whether the defendant's prior burglary con-

that a decision in *Shepard* was imminent and would be relevant, this court withheld any disposition pending the issuance of *Shepard.* Now that that case has been decided, we vacate the district court's sentence and remand to it for resentencing in light of *Shepard.*

**So ordered.**

viction constituted a "violent felony" under 18 U.S.C. § 924(e)(1), a provision of the Armed Career Criminal Act (ACCA). The § 924(e)(1) definition of "violent felony" is "the same in all material respects" as the U.S.S.G. § 4B1.1 definition of a "crime of violence." *United States v. Bell,* 966 F.2d 703, 704 (1st Cir.1992). Given the similarity, "we look generally to cases pertaining to either provision 'to elucidate the nature of the categorical inquiry.'" *United States v. Delgado,* 288 F.3d 49, 53 n. 5 (1st Cir.2002).